UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRANCE TERRELL WILLIAMS,

    Plaintiff,

v.                                                Case No. 8:23-cv-2663-CEH-CPT

POLK COUNTY JAIL, *et al.*,

    Defendants.
_____/

**ORDER**

Plaintiff, a Florida pretrial detainee at Polk County Jail ("PCJ"), initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff alleges that on September 21, 2023, he was injured when he was pushed to the ground by another inmate while shackled and exiting a transportation bus. He contends a transportation officer and a Sergeant refused him immediate medical attention and told him to either go back to his dorm or to confinement. After examining the complaint in accord with 28 U.S.C. § 1915(e)(2)(B), the Court concludes that the complaint must be dismissed without prejudice.[1]

---

[1] Plaintiff's failure to pay the filing fee is construed as a request to proceed in this action as a pauper. A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of

1

The complaint does not identify the names of the individual defendants (the Sergeant and the transportation officer).[2] Unknown persons cannot be served with process until they are identified by their names. It is not the Court's responsibility to investigate the names and identities of unnamed defendants. Plaintiff must identify at least one defendant by name so that service of process can be accomplished.[3] If necessary, he then can attempt to identify other defendants through formal discovery.

Accordingly, Plaintiff's civil rights complaint (Doc. 1) is **DISMISSED** without prejudice to filing a new complaint, in a new case with a new case number, that provides the name of at least one individual named as a defendant. The Clerk is directed to close this case.

**ORDERED** in Tampa, Florida, on December 6, 2023.

Charlene Edwards Honeywell
United States District Judge

Copy to: *Pro Se* Plaintiff

---

process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] To the extent Plaintiff names Polk County Jail as a defendant, the jail is not a legal entity subject to suit. *See, e.g., Monroe v. Jail*, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes) ("Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control.").

[3] Plaintiff may be able to discover the names of the officers through PCJ's grievance procedure.